UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

In re
Dennis J. Richard
Amy Richard
    Debtors

Chapter 7
No. 11-40333-MSH

**TRUSTEE'S OBJECTION TO THE MOTION FOR RELIEF FROM STAY BY BAYVIEW LOAN SERVICING, LLC**

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

Now comes David M. Nickless, Chapter 7 Trustee ("Trustee") and hereby objects to the Motion for Relief from Stay by Bayview Loan Servicing, LLC ("Bayview") By way of initial response the Trustee answers each of the numbered paragraphs in the Motion.

1. Admitted.

2. Admitted.

3. Admitted.

4. The Trustee avers that the document attached as Exhibit C speaks for itself.

5. The Trustee has insufficient information to either admit or deny the allegation and leaves Bayview to its proof.

6. The Trustee has insufficient information to either admit or deny the allegation and leaves Bayview to its proof.

7. The Trustee has insufficient information to either admit or deny the allegation and leaves Bayview to its proof.

8. The Trustee has insufficient information to either admit or deny the allegation and leaves Bayview to its proof.

9. Admitted.

10. The Trustee has insufficient information to either admit or deny the allegation and leaves Bayview to its proof.

11. The Trustee has insufficient information to either admit or deny the allegation and leaves Bayview to its proof.

12. The Trustee has insufficient information to either admit or deny the allegation and leaves Bayview to its proof.

13. The Trustee has insufficient information to either admit or deny the allegation and leaves Bayview to its proof.

14. Admitted.

15. Admitted.

16. The Trustee has insufficient information to either admit or deny the allegation and leaves Bayview to its proof.

17. The Trustee has insufficient information to either admit or deny the allegation and leaves Bayview to its proof.

18. The Trustee has insufficient information to either admit or deny the allegation and leaves Bayview to its proof.

19. The Trustee has insufficient information to either admit or deny the allegation and leaves Bayview to its proof.

20. The allegations in this paragraph are legal conclusions for which no response is required.

21. The Trustee has insufficient information to either admit or deny the allegation and leaves Bayview to its proof.

22. The allegations in this paragraph are legal conclusions for which no response is required.

23. The Trustee has insufficient information to either admit or deny the allegation and leaves Bayview to its proof.

24. The allegations in this paragraph are legal conclusions for which no response is required.

In further response, the Trustee states the following:

Bayview has included in its Motion for Relief From Stay a copy of an Assignment of Mortgage ("Assignment") purporting to assign the mortgage from Citimortgage, Inc. to Bayview. The Assignment appears to bear the signature of Bryan Bly purporting to hold the title of vice-president of Citimortgage, Inc.

The Trustee is aware of published reports that Bryan Bly is an employee of Nationwide Tile Clearing, Inc. and signs documents as a "robo-signer" in which he signs thousands of documents claiming to be vice-presidents of various lenders. The Trustee disputes that Bryan Bly is a duly appointed vice-president of Citimortgage, Inc.and leaves Bayview to its proof.

In addition, the signature of Bryan Bly appears to have been acknowledged by Christopher Jones, notary public. According to public records from the Florida Department of State, Jones status as a notary is under suspension.

Furthermore, under Florida law, a notary may not use a name or initial in signing certificates other than that by which the notary public is commissioned. Here, Jones appears to have used his initials, not his full name as he was commissioned. Attached as Exhibit A are copies of the

3

Commission Detail concerning Christopher Jones and a copy of the Florida statute concerning notarizations.

Under Massachusetts law, an assignment of a mortgage conveys a legal estate in the mortgaged premises. *Lamson & Co. v. Abrams* 305 Mass. 238, 240, 25 N.E. 2d 374, 376 (Mass. 1940). Where a material defect is present in an assignment, it should not be recorded and an attaching creditor would take a superior title to the assignee. See *Graves v. Graves* 72 Mass. 391, 393, 1856 WL 5688, 3 (Mass. 1856). In a similar case in this jurisdiction, a chapter 7 trustee successfully used his strong arm powers under 11 U.S.C. § 544 to avoid a mortgage that contained material defects. *In re Giroux* 2009 WL 1458173, 11 (Bkrctcy. D. Mass. 2009).

In the matter before the Court the Trustee intends to file an appropriate adversary proceeding to assert his rights, including under 11 U.S.C. § 544.

WHEREFORE, the Trustee prays that the Motion For Relief From Stay be denied and that this Court grant such other relief as is just.

> David M. Nickless, Trustee
> By his attorney
> /s/ James L. O'Connor, Jr.
> James L. O'Connor, Jr., Esq. BBO No. 563450
> Nickless, Phillips and O'Connor
> 625 Main Street
> Fitchburg, MA  01420
> 978-342-4590
> joconnor.nandp@verizon.net

## CERTIFICATE OF SERVICE

      I, James L. O'Connor, Jr., do hereby certify that I will immediately upon receipt of the notice of electronic service, serve a copy of the within document by mailing the same to any of the parties listed on the attached Service List not noted as having received electronic service.

Dated:  March 1, 2011                              /s/ James L. O'Connor, Jr.
                                                                James L. O'Connor, Jr.

Michienzie & Sawin, LLC
Richard C. Demerle, Esq.
Paul Michienzie, Esq.
745 Boylston St.
Boston, MA 02116